No. 20,474.

THE CITY OF PRATT, *Plaintiff,* v. W. E. DAVIS, as State Auditor, etc., *Defendant.*

#### SYLLABUS BY THE COURT.

SEWER BONDS—*Assessments—Interest Thereon—Injunction—Limitation of Actions.* Certain sewer bonds bearing interest at five per cent were not irregularly or illegally issued because the ordinance levying special assessments for such improvement provides for interest on such assessments at seven per cent. The thirty-day limitation for attacking such assessments (Laws 1911, ch. 124, § 1) having expired before such bonds were presented to the respondent for registration, their registration is required.

Original proceeding in mandamus. Opinion filed March 11, 1916. Writ allowed.

*W. B. Hess,* of Pratt, for the plaintiff.

*S. M. Brewster,* attorney-general, and *James P. Coleman,* of Topeka, for the defendant.

The opinion of the court was delivered by

WEST, J.: The city of Pratt brings this original proceeding in mandamus to compel the state auditor to register certain sewer bonds issued by the city. The refusal to register is upon the grounds that while the bonds bear five per cent interest the special assessments draw seven per cent, and that, therefore, the auditor can not certify under the seal of his office upon such bonds the fact that they have been regularly and legally issued. (Gen. Stat. 1909, § 581.)

Section 1466 of the General Statutes of 1909 provides that when bonds are issued for the payment of the cost of any improvements which are a charge against specific property the mayor and council shall apportion such special assessment by ordinance, and the city clerk shall annually certify the amounts due on the tracts, which shall include the annual installments "and interest on all unpaid balances for one year at a rate not to exceed seven per centum per annum." Prior to this enactment section 1022 of the General Statutes of 1901 required an interest rate of eight per cent.

Section 1 of chapter 124 of the Laws of 1911 provides that such assessment shall be certified to the county clerk and by him placed upon the tax roll for collection, "subject to the same penalties, entitled to the same rebates, and collected in the same manner as other taxes"; that none of the bonds shall bear interest at a rate exceeding six per cent per annum; that such bonds shall not be issued in excess of the actual cost of improvement except that the installment coupon shall include interest on such installment to the maturity thereof; that when the cost is charged against specific property by special assessment "the mayor and council shall levy special assessments each year sufficient to redeem the installment of such bonds next thereafter maturing."

Section 1 of chapter 111 of the Laws of 1915, concerning such improvements in cities of the first class, expressly provides that the interest shall be the same as the rate provided for in

the bonds, but no such provision is found in the law relating to cities of the second class.

The statutes already referred to make the two requirements that the assessment shall bear interest and shall be sufficient to provide for the installment due. With the rebates allowed, the proceeds of these assessments may not be any more than sufficient.

Nothing irregular appears in the proceedings so far as the bonds themselves are concerned, and the thirty-day limitation for bringing proceedings to enjoin the levy of special assessments had expired when the bonds were presented to the auditor and he may properly certify and should certify that they were legally and regularly issued.

The writ is allowed.